UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CATHERINE YOUNG,<br><br>    Defendant. | No.  2:23-cv-02005-DJC-CKD PS<br><br><br>ORDER |

This is an unlawful detainer action brought under California state law by Plaintiff Catamount Properties 2018, LLC against Defendant Catherine Young.  On Friday, September 15, 2023, Defendant filed a Notice of Removal in federal court, seeking to remove the action from Sacramento County Superior Court.  (Notice of Removal (ECF No. 1).)

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of the federal

courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted) (quoting *Audette v. International Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the

plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

Here, Defendant has not shown that removal of this action to this Court is appropriate based on the presence of a federal question. Defendant's removal notice does not state a basis for federal question jurisdiction. (*See* Notice of Removal.) A review of the complaint filed in state court shows that Plaintiff did not raise a federal claim in that complaint therein. (Notice of Removal at 6–10.) Plaintiff's complaint is a straightforward unlawful detainer action that is based entirely on state law. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California*, 215 F.3d at 1014.

Moreover, Defendant has not established that removal of this action to federal court is appropriate based on the diversity of the parties. There is no evidence that the parties are citizens of different states. 28 U.S.C. § 1332(a). Even if the parties are citizens of different states, a defendant seeking to remove solely on the basis of diversity jurisdiction may not do so when the action was brought in the state in which any defendant is domiciled. *See Singh v. Segovia*, No. 2:21-cv-02160-TLN-DB, 2021 WL 5966231, at *2 (E.D. Cal. Nov. 24, 2021); 28 U.S.C. § 1441. The notice of removal includes a document in which Defendant declares, in relevant part, that the address at issue is their current residence and has been for "17+ years" and that it is Defendant's homestead. (Notice of Removal at 18.) This action was originally brought in California state court (*id.* at 6, 8) and Defendant appears to be domiciled in California (*id.* at 18). There is thus no basis for diversity jurisdiction on the face of the Complaint.

////

////

Accordingly, the Court hereby REMANDS this case to Sacramento County Superior Court for all future proceedings.  This order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **September 18, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – catamount23cv02005.remand

4